# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN J. BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:10-CV-401 TS |
| v. | ) |
| | ) |
| THOMAS N. O'MALLEY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Kevin J. Blevins, a prisoner proceeding pro se, filed a Prisoner Complaint under 42 U.S.C. § 1983 [ECF No. 1] in state court, which the Defendant removed to federal court [ECF No. 2]. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2)

that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Blevins is suing Thomas O'Malley, an assistant federal community defender who represented him in a federal criminal case.[1] He alleges that O'Malley violated his Sixth Amendment right to counsel by inadequately representing him in that case. Blevins brought an identical claim against O'Malley in a case filed last year.[2] *See Blevins v. O'Malley, et al.*, 1:09-CV-342-PPS (N.D. Ind. filed Dec. 3, 2009). That case was dismissed for failure to state claim pursuant to 28 U.S.C. § 1915A. [*See id.*, ECF No. 4.]

Under the doctrine of *res judicata*, also known as claim preclusion, a party is prohibited from relitigating a claim determined by a court of competent jurisdiction. *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citations and quotation marks omitted). *Res judicata* was intended to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).Three requirements must be met for *res judicata* to apply: (1) an identity of the parties; (2) an identity of the claims; and (3) a final judgment on the merits. *Ross*, 486 F.3d at 283. Courts use a functional approach in determining whether two cases involve the same claims, and

---

[1] Court records reflect that O'Malley represented Blevins in *United States v. Blevins*, 1:07-CR-96-WCL (N.D. Ind. filed Nov. 28, 2007), in which he was found guilty of credit card fraud in violation of 18 U.S.C. § 1029. The case is currently on appeal.

[2] Blevins is now barred from proceeding *in forma pauperis* in federal court pursuant to 28 U.S.C. § 1915(g). *Blevins v. Anderson*, No. 10-1449 (7th Cir. order dated Aug. 20, 2010). Due to his attempt to circumvent Section 1915(g) in a prior case, this court imposed a filing restriction against him prohibiting him from filing any document in any civil non-habeas case until he pays all outstanding filing fees. *See Blevins v. U.S. Marshal Service*, 3:10-CV-230-PPS (N.D. Ind. order dated June 15, 2010). In this case, the state court granted Blevins leave to proceed without payment of fees before the case was removed to federal court. [ECF No. 2 at 12.]

cases will be considered the same for *res judicata* purposes if they "arise out of the same transaction" or share a "common core of operative fact." *Id.* If this standard is met, any claims that were or could have been raised in the prior action are barred. *Id.*; *Highway J Citizens Group v. U.S. Dep't Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

All three requirements are met here. There is an identity of the parties since O'Malley was a defendant in the prior suit. There is an identity of the claims, because both cases arise from O'Malley's representation of Blevins in a federal criminal case. There was also a final judgment on the merits in the prior case. The case was dismissed pursuant to 28 U.S.C. § 1915A in December 2009 and Blevins did not appeal the judgment. Accordingly, this lawsuit is barred by *res judicata*.

Because Blevins already unsuccessfully sued O'Malley based on the same operative facts, it was malicious for him to file this duplicative lawsuit. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating that a suit is "malicious" for purposes of § 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (stating that it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff). Since the Prisoner Complaint does not pass screening under § 1915A and must be dismissed, the Defendant's Motion to Dismiss [ECF No. 5] on other grounds will be denied as moot.

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A, and **DENIES** the Motion to Dismiss [ECF No. 5] as moot.

SO ORDERED on December 2, 2010.

    s/ Theresa L. Springmann

THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT